C. Gregory Shamoun
Texas Bar No. 18089650
Kayla C. Wells
Texas Bar No. 24070827
SHAMOUN & NORMAN, LLP
1755 Wittington Place, Suite 200, LB 25
Dallas, Texas 75234
Telephone:  (214) 987-1745
Facsimile: (214) 521-9033

Joe Kendall
Texas Bar No. 11260700
KENDALL LAW GROUP, LLP
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: (214) 744-3000
Facsimile: (214) 744-3015

Attorneys for Defendant Transcontinental Realty Investors, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP., COMMERICAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2001-C1,<br>    *Plaintiff,*<br><br>v.<br><br>TRANSCONTINENTAL REALTY INVESTORS, INC.,<br>    *Defendant.* | Case No. 3:14-CV-03565-M |

DEFENDANT TRANSCONTINENTAL REALTY INVESTORS, INC.'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND
<u>BRIEF IN SUPPORT OF SAME</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW TRANSCONTINENTAL REALTY INVESTORS, INC. ("Defendant"), Defendant in the above-entitled and numbered cause, and files this Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Defendant's Motion"), pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, and seeks dismissal of Plaintiff's Complaint [D.E. 1] (the "Complaint") filed by Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo" or the "Trustee"), as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2001-C1 ("Plaintiff" or the "Trust"), by and through its Special Servicer, CWCapital Asset Management, LLC ("CWCAM"). In support of the foregoing, Defendant would respectfully show the Court as follows:

## I. SUMMARY OF THE MOTION

The Trust filed this lawsuit on the sole basis of diversity jurisdiction. Complaint p. 2, ¶ 3. The Complaint bases the Trust's citizenship on the citizenship of its Trustee, which it contends is a citizen of the State of South Dakota. *Id*. at p. 2, ¶ 1. The Complaint further alleges that Defendant is a citizen of the States of Texas and Nevada, and thus complete diversity exists. *Id*. at p. 2, ¶¶ 2-3.

Under the U.S. Supreme Court's recent decision in *Americold Realty Trust v. Conagra Foods, Inc*., 136 S. Ct. 1012, 194 L. Ed. 2d 91 (2016), the citizenship of a real estate investment trust, such as the Trust here, as well as any other unincorporated association, is determined by the citizenship of each of its members or shareholders. *Id*. at 1013. Plaintiff had the burden of establishing the existence of diversity jurisdiction in this case. Plaintiff failed to plead the citizenship of each and every shareholder of the Trust. As such, Plaintiff failed to properly plead diversity of citizenship, and this case must be dismissed.

## II.    ARGUMENTS AND AUTHORITIES

"**Jurisdiction cannot be waived, and it is the duty of a federal court to first decide,** *sua sponte* **if necessary, whether it has jurisdiction before the merits of the case can be addressed**." *Filer v. Donley*, 690 F.3d 643, 646 (5th Cir. 2012) (emphasis added). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Because of the limited nature of federal court jurisdiction, there is a **presumption against the existence of jurisdiction**. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001 ("[Courts] must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."). "Because the burden of establishing subject matter jurisdiction is on the party seeking to invoke it, the court will resolve any doubt on the question of subject matter jurisdiction in favor of the [party challenging jurisdiction]." *Trugreen Landcare, LLC v. Scott*, 512 F. Supp. 2d 613, 621 n.8 (N.D. Tex. 2007).

"Federal courts must be assured of their subject matter jurisdiction at all times and may question it *sua sponte* at any stage of judicial proceedings." *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999); *see also Kidd v. Sw. Airlines Co.*, 891 F.2d 540, 546 (5th Cir. 1990) ("While neither party argued that the amended complaint provided an adequate basis for federal question jurisdiction, federal courts must address jurisdictional questions *sua sponte* when the parties' briefs do not bring the issue to the court's attention."). Moreover, "[a] court's subject matter

jurisdiction 'may be raised by a party, or a by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (citation omitted). Moreover, "[f]ew rules are as well settled in federal court as that 'subject-matter jurisdiction cannot be created by waiver or consent.'" *Allen v. Bank of Am., N.A.*, 5 F. Supp. 3d 819, 834 (N.D. Tex. 2014) (Horan, J.) (citing *Howery*, 243 F.3d at 919; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (holding that "a party may neither consent to nor waive federal subject matter jurisdiction")).

"**Without jurisdiction the court cannot proceed at all in any cause**." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (emphasis added). A federal court must dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction." FED. R. CIV. P. 12(h)(3).

"Subject matter jurisdiction is an issue of law." *Sabre Techs., L.P. v. TSM Skyline Exhibits, Inc.*, No. H-08-1815, 2008 U.S. Dist. LEXIS 98515, at *15 (S.D. Tex. Sept. 18, 2008) (citing *Gasch v. Hartford Accident & Ins. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) ("All issues of subject matter jurisdiction . . . are questions of law . . . .")).

Pursuant to 28 U.S.C. § 1332, district courts shall have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) Citizens of different States." 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction is proper only when complete diversity exists between the parties . . . ." *Chapman v. Bender*, No. 3:15-CV-2198-D-BH, 2015 U.S. Dist. LEXIS 103084, at *2 (N.D. Tex. July 22, 2015) (citing 28 U.S.C. § 1332(a)). "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

As noted by the Fifth Circuit: "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988); *see also McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil*, 841 F.2d at 1259 (citing *McGovern*, 511 F.2d at 654); *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). Failure adequately to allege the basis for diversity jurisdiction mandates dismissal. *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir. 1986); *McGovern*, 511 F.2d at 654.

Diversity of citizenship is the only alleged source of subject matter jurisdiction in this case. Complaint p. 2, ¶ 3. As set forth in the identification of the parties in the Complaint, the plaintiff in this lawsuit is a real estate investment trust. *See id.* at pp. 1-2, ¶ 1 ("J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2001-C1 ('<u>Plaintiff</u>', or the '<u>Trust</u>')."). The Complaint further states that "Wells Fargo Bank, N.A. ('<u>Wells Fargo</u>') is the trustee for the registered holders of [the Trust]." *Id.* at p. 1, ¶ 1. Plaintiff states that Wells Fargo, the Trustee for the Trust, is a national banking association with its main office in South Dakota, and Defendant is a Nevada corporation with its principal place of business in Texas. *Id.* at p. 2, ¶¶ 1-2. Plaintiff relies solely upon the citizenship of the Trustee of the Trust, and does not identify the registered holders or shareholders of the Trust.

In the U.S. Supreme Court's recent decision, *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 194 L. Ed. 2d 91 (2016), the Supreme Court granted certiorari "to resolve

confusion among the Courts of Appeals regarding the citizenship of unincorporated entities." *Id*. at 1015. Justice Sotomayor, speaking for a unanimous Court, explained that "[s]o long as such an entity is unincorporated, we apply our 'oft-repeated rule' that it possesses the citizenship of all its members." *Id*. at 1016. Because Americold, a real estate investment trust, was not a corporation, it possessed its members' citizenship. *Id*. at 1015. The Supreme Court held that "for purposes of discovery jurisdiction, Americold's members include its shareholders." *Id*. at 1016. Americold disputed the Court's conclusion, citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980), to argue that a "trust" possesses the citizenship of its trustee's alone, not its shareholder beneficiaries as well. The Court rejected Americold's argument: "As we have reminded litigants before, however, '*Navarro* had nothing to do with the citizenship of [a] "trust."'" *Id*. (citing *Carden v. Arkoma Assocs.*, 494 U.S. at 185, 192–93, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990)).

The Trust is an unincorporated real estate investment trust. As such, its citizenship is determined by the citizenship of each of its members or shareholders. If any of the Trust's shareholders are citizens of the States of Texas or Nevada, complete diversity is lacking and this Court lacks jurisdiction. Plaintiff's Complaint fails to identify all of the shareholders of the Trust as of the date of the Complaint. As a result, Plaintiff never properly invoked the jurisdiction of this Court and this case must be dismissed.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Transcontinental Realty Investors, Inc. respectfully prays that this Motion to Dismiss for Lack of Jurisdiction be granted, that this action be dismissed for lack of subject matter jurisdiction, and for such other and further relief, special or general, at law and in equity, to which Defendant may be justly entitled.

DATED this 12th day of April, 2016.

                    By: /s/ KAYLA C. WELLS
                    C. GREGORY SHAMOUN
                    TX Bar No. 18089650
                    KAYLA C. WELLS
                    TX Bar No. 24070827
                    SHAMOUN & NORMAN, LLP
                    1755 Wittington Place
                    Suite 200, LB 25
                    Dallas, TX 75234
                    (214) 987-1745 (voice)
                    (214) 521-9033 (fax)
                    Email: kwells@snlegal.com

                    JOE KENDALL
                    Texas Bar No. 11260700
                    KENDALL LAW GROUP, LLP
                    3232 McKinney Avenue, Suite 700
                    Dallas, Texas 75204
                    Telephone: (214) 744-3000
                    Facsimile: (214) 744-3015
                    Email: jkendall@kendalllawgroup.com

                    *Attorneys for Defendant Transcontinental Realty Investors, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

| | |
|---|---|
| Susan B. Hersh | Brent W. Procida |
| SUSAN B. HERSH, P.C. | VENABLE LLP |
| 12770 Coit Road, Suite 1100 | 750 E. Pratt Street, Suite 900 |
| Dallas, Texas 75251 | Baltimore, Maryland 21202 |

which notification constitutes service under the *Federal Rules of Civil Procedure*.

                    By: /s/ KAYLA C. WELLS
                        KAYLA C. WELLS