IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WELLS FARGO BANK, N.A. (as Trustee §
for the Registered Holders of J.P.          §
Morgan Chase Commercial Mortgage   §
Securities Corp., Commercial Mortgage §
Pass-Through Certificates Series          §
2001-C1 acting by and through its         §
special servicer CWCapital Asset          §
Management LLC),                                §
                                                        §        No. 3:14-cv-3565-BN
            Plaintiff,                              §
                                                        §
V.                                                       §
                                                        §
TRANSCONTINENTAL REALTY            §
INVESTORS, INC.,                             §
                                                        §
            Defendant.                            §

## MEMORANDUM OPINION AND ORDER

Defendant Transcontinental Realty Investors, Inc. ("Defendant" or "TCI") has

filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction under Federal Rule

of Civil Procedure 12(b)(1). *See* Dkt. No. 35 (the "MTD"). Plaintiff Wells Fargo Bank,

N.A. ("Wells Fargo"), as trustee for the registered holders of J.P. Morgan Chase

Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through

Certificates Series 2001-C1 (the "Trust"), filed a response, *see* Dkt. No. 39, and

Defendant filed a reply, *see* Dkt. No. 40.

The Court now GRANTS Defendant's MTD [Dkt. No. 35].

## Background

On October 1, 2014, Wells Fargo filed this breach of a guaranty contract action

in federal court invoking the Court's diversity jurisdiction under 28 U.S.C. 1332(a). *See* Dkt. No. 1 at ¶¶ 3, 42-54. In the complaint, the Trust – not Wells Fargo – "requests entry of a money judgment in [its] favor." *Id.* at 9, 10. To show jurisdiction, Wells Fargo relies on its own South Dakota citizenship. *See id.* Defendant is a Nevada corporation with its principal place of business in Texas. *See id.* at ¶ 2.

On April 4, 2016, Defendant filed its MTD asking the Court to dismiss the matter because complete diversity does not exist. *See* Dkt. No. 35 at 6. Wells Fargo is the trustee for the Trust, an unincorporated entity, and Defendant argues that Wells Fargo cannot rely solely on its own citizenship for diversity jurisdiction. *See id.* at 5. Instead, Defendant alleges, Wells Fargo must establish the diverse citizenship of all the Trust's members to establish diversity jurisdiction. *See id.* at 6.

Wells Fargo responds that its citizenship, as trustee, controls for diversity because it filed this lawsuit in its own name. *See* Dkt. 39 at 1, 3-4. Wells Fargo also argues that the Trust is an active trust under New York common law pursuant to the signed express Pooling and Servicing Agreement (the "PSA"). *See id.* at 3.

Defendant replies that the Trust, and not Wells Fargo, is the real party to the controversy, and that Wells Fargo therefore must establish the citizenship for all of the Trust's members to establish the Court's subject-matter jurisdiction of this action. *See* Dkt. No. 40.

## Legal Standards

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election*

*Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

In particular, the Court must dismiss a complaint for lack of subject-matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The United States Court of Appeals for the Fifth Circuit recognizes a distinction between a "facial" attack to subject-matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); accord *Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161.

Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the

allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523. On a factual attack, however, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523.

28 U.S.C. § 1332 creates federal subject-matter jurisdiction where diversity of citizenship exists between the parties, where each plaintiff's citizenship is diverse from each defendant's citizenship, and where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1332(a), (b). Diversity jurisdiction requires that the parties be "citizens of different States." 28 U.S.C. § 1332(a)(1). This Court cannot exercise diversity jurisdiction if any plaintiff shares the same citizenship as any defendant. See *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

"The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991); *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) ("The burden is on a plaintiff to allege and invoke jurisdiction.").

"When jurisdiction depends on citizenship, citizenship should be distinctly and

affirmatively alleged." *McGovern*, 511 F.2d at 654 (internal quotation marks omitted).

Failure adequately to allege the basis for diversity jurisdiction mandates dismissal. *See*

*Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir. 1986); *McGovern*, 511 F.2d at 654.

### Analysis

The parties do not dispute that the requisite amount in controversy is satisfied,

but Wells Fargo has not established the complete diversity required for subject-matter

jurisdiction under Section 1332.

As an initial matter, the parties argue about who the true party to this

controversy is. "The 'citizens' upon whose diversity a plaintiff grounds jurisdiction must

be real and substantial parties to the controversy. Thus, a federal court must disregard

nominal or formal parties and rest jurisdiction only upon the citizenship of real parties

to the controversy." *Corfield*, 355 F.3d at 857 (citations omitted). But "[t]he 'real party

to the controversy' test does not require a federal court to consider the citizenship of

non-parties who have an interest in the litigation or might be affected by the

judgment." *Id.* at 865 n.10. "The 'real party to the controversy' test requires

consideration of the citizenship of non-parties when a party already before the court

is found to be a non-stake holder/agent suing only on behalf of another." *Id.*; *see*

*generally Miss. ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 745 (2014) ("The

background real party in interest inquiry identifies what party's (or parties')

citizenship should be considered in determining diversity.").

Although Wells Fargo is listed in the caption of the complaint, courts look to the

substance of the complaint "to see whose conduct is the subject of the claim and against

whom the action is alleged." *Ewert v. Poly Implant Protheses*, Civ. A. No. H-07-3065, 2008 WL 4747206, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Jones v. Louisiana*, 764 F.2d 1183, 1185 (5th Cir. 1985)). The Trust is the only party to seek the relief requested, and the complaint itself defines the Trust as the "Plaintiff." *See* Dkt. No. 1. A careful review of the complaint makes clear that Wells Fargo is only a nominal or formal party suing on behalf of the Trust, which is the real and substantial party to the controversy with Defendant. *See La. ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 424 (5th Cir. 2008) ("It is well-established that in determining whether there is jurisdiction, federal courts look to the substance of the action and not only at the labels that the parties may attach.").

Because the Trust is the real party to this controversy, the citizenship of the Trust's members must be diverse from any defendant's citizenship to establish diversity jurisdiction.

The citizenship of a trust may depend on whether it is a traditional trust or what some have called a business trust. A traditional trust usually creates a fiduciary relationship between multiple people, *see Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016), while what may be called a business trust is an artificial entity that is, for example, designed to run a business and generate profit for investors, *see* Jonathan J. Ossip, *Diversity Jurisdiction and Trust*, 89 N.Y.U. L. REV. 2301, 2303 (2014). A so-called business trust takes the citizenship of its shareholders or members. *See id.* at 2335; *Americold*, 136 S. Ct. at 1015-16. On the other hand, a traditional trust "is not a legal person" and usually takes the citizenship of its trustees.

*See Ossip, supra*, at 2335. That is, "[t]raditionally, a trust was not considered a distinct legal entity, but a fiduciary relationship between multiple people," and "[s]uch a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name." *Americold*, 136 S. Ct. at 1016 (internal quotation marks omitted). "And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued." *Id.* (citations omitted).

In support of its MTD, Defendant relies on *Americold Realty Trust v. Conagra Foods, Inc.*, in which the United States Supreme Court held that the citizenship of artificial, unincorporated entities is determined by the citizenship of all of their members. *See id.* In other words, an artificial entity (other than a corporation) is a citizen of every state in which one of its members is a citizen and must "distinctly and affirmatively" allege the citizenship of its members. *See id.* at 1015-16; *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Getty Oil Corp.*, 841 F.2d at 1259.

In *Americold*, the trust was a real estate investment trust, which is an "unincorporated business trust or association." 136 S. Ct. at 1016. The Supreme Court noted that the "shareholders have 'ownership interest' and votes in the trust by virtue of their 'shares of beneficial interest.'" *Id.* Further, the *Americold* Court stated that these shareholders were similar to those of a joint-stock company or limited partnership, both of which the Court viewed as members of their relevant entities. *See*

*id*. The Court explained that, "so long as an entity is unincorporated, we apply our 'oft-repeated rule' that it possesses the citizenship of all its members." *Id.*

The Court concludes that, to the extent that the Fifth Circuit may have previously stated any blanket rule that "the citizenship of a trust is that of its trustee," *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009) (citing *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980)); *accord Wilmington Trust, Nat. Ass'n v. Rob*, No. 1-15-CV-552 RP, 2015 WL 7076637, at *2-*3 (W.D. Tex. Nov. 12, 2015), that rule has been abrogated by the Supreme Court's decision in *Americold, see generally Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) (explaining that a Fifth Circuit panel decision is binding authority absent an intervening change in the law, such as by a statutory amendment or a decision of the United States Supreme Court or the en banc Court of Appeals).

Here, the record before the Court makes clear that the Trust is an artificial entity with its own legal existence. *See* Dkt. No. 35 at 5; Dkt. No. 39 at 3-4. Similar to the circumstances in *Americold*, where the plaintiff was an unincorporated trust or association, here, the Trust is also not a traditional trust but an unincorporated entity. As *Americold* explains, any unincorporated entity must establish the citizenship of all its members for purposes of diversity jurisdiction. And, where Wells Fargo, as the corporate trustee of an unincorporated entity, has not truly filed suit in its own name and on its own behalf, Wells Fargo was required – and has failed – to establish the citizenship of the Trust by "distinctly and affirmatively" alleging the citizenship of each of the Trust's members.

Wells Fargo argues that, as an active trustee under New York Common Law Trust, its citizenship is all that matters for purposes of diversity jurisdiction. *See* Dkt. No. 39 at 3. Wells Fargo cites *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), to support its position. In *Navarro*, the Supreme Court affirmed a decision of the Fifth Circuit, stating that, when a trust has active trustees whose assets are real and substantial and are held in their names, the trustees are the parties to the controversy. *See id.* at 465. In that case, eight human trustees filed suit in their own names on behalf of a business trust. *See id.* at 459. And the trustees possessed "certain customary powers to hold, manage, and dispose of assets for its shareholders." *Id.* at 464.

But, in *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the Supreme Court made clear that "'*Navarro* had nothing to do with the citizenship of [a] 'trust.''" *Americold*, 136 S. Ct. at 1016 (quoting *Carden*, 494 U.S. at 192-93). "Rather, *Navarro* reaffirmed a separate rule that when a trustee files a lawsuit in her name, her jurisdictional citizenship is the State to which she belongs – as is true of any natural person. This rule coexists with [the rule] that when an artificial entity is sued in its name, it takes the citizenship of each of its members." *Id.* (emphasis removed).

That is, as *Carden* established, "unincorporated artificial entities are to be treated as a citizen in the state where its members are located." *Carden*, 494 U.S. at 185. And, in *Americold*, the Supreme Court declined to "apply the same rule to an unincorporated entity sued in its organizational name that applies to a human trustee sued in her personal name." *Id.* at 1017. Additionally, it declined to "limit[] an entity's

membership to its trustees just because the entity happens to call itself a trust." *Id*. at 1016.

Here, unlike a human trustee suing in her own name on her own behalf as in *Navarro*, the Trust is the plaintiff and real party in interest, and, as an unincorporated entity, the Trust is a citizen of the states in which its members are located. Because Wells Fargo has not established the citizenship of each of the Trust's members, Wells Fargo has failed to properly invoke federal diversity jurisdiction.

## Conclusion

The Court GRANTS Defendant Transcontinental Realty Investors, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. No. 35] and DISMISSES this action without prejudice for lack of subject-matter jurisdiction.

SO ORDERED.

DATED: July 1, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE